STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-090
DHM-KEN-8/31/2000

PATRICK C. COLE,

     Petitioner

    v.

DAN A. GWADOSKY,
SECRETARY OF STATE

    Respondent

DECISION AND ORDER

This matter is before the court on petitioner's M.R. Civ. P. 80C review of the decision of the Secretary of State, Bureau of Motor Vehicles, of November 23, 1999, affirming the suspension of petitioner's operator's license for a period of four years.

From a review of the record, the court observes the following facts:

On the evening of June 17, 1999, at approximately 7:30 p.m., petitioner was involved in a two-car accident in Sabattus. Officer Fortin responded to the accident, arriving at the scene at 7:41 p.m. At approximately 7:45 p.m.., Officer Fortin spoke with petitioner. At that time, he observed that petitioner was unable to maintain his balance, had slurred and labored speech, his eyes were glassy, his cheeks were red, and his breath smelled of alcohol. He told the officer that he was "shook up." As petitioner was getting his documents from his vehicle, Officer Fortin noticed hot ash fall from petitioner's cigarette onto his pants. He waited a couple of seconds and realizing that petitioner did not notice the ash, told him so he could brush it off. Petitioner admitted to having two beers before the accident and told the officer that he had just "taken a hit" of Jack Daniels to calm down after the accident. The officer

asked petitioner to show him where the bottle of Jack Daniels was located, and he went back to the rear hatch, opened it, and pulled out a pint-sized flask with a leather cover on it. The flask was eventually dumped because it was leaking. The officer estimated that about one and a quarter inches had been consumed from it and that this was approximately four ounces. Petitioner told the officer that the bottle had been full prior to the accident. He also told the officer that in his opinion he was in a fit condition to be driving. Officer Fortin conducted two field sobriety tests which petitioner failed. An intoxilyzer test was performed about three hours after the accident and showed a blood-alcohol content of .16%.

Petitioner received the notice dated July 13, 1999, informing him that this driver's license was being suspended for four years based upon a report of him operating a vehicle while having a BAC of .08% or more. The suspension was to go into effect on July 28, 1999, but was stayed pending the administrative hearing. This stay was removed on September 11, 1999. An administrative hearing was held on November 16, 1999.

Pursuant to 29-A M.R.S.A. § 2453 (1996), only two issues must be addressed at a hearing on a license suspension for excessive blood-alcohol level:

(1) whether the person operated a motor vehicle with an excessive blood-alcohol level; and

(2) whether there was probable cause to believe that the person was operating a motor vehicle with an excessive blood-alcohol level.

2

The hearing officer concluded at the hearing that Officer Fortin had probable cause to believe that petitioner was operating a motor vehicle with an excessive blood-alcohol level and this finding is not challenged on appeal.

The first issue, whether petitioner in fact operated his vehicle with an excessive blood-alcohol level, was addressed in the hearing officer's written decision issued on November 23, 1999. Noting that there was "uncontroverted evidence of intervening drinking," the hearing officer concluded:

> The circumstances of the accident coupled with the observations of the petitioner's physical appearance, slurred speech and difficulty with field sobriety tests, shortly after the accident had occurred, is sufficient evidence to find that the petitioner, at the time he last drove was at least a .08% by weight of alcohol. I find that the intervening drinking, although it no doubt elevated petitioner's final blood-alcohol level, did not raise it more than .08%. Therefore, I find that at the time Mr. Cole last drove, he was at least at a .08% level.

Petitioner filed this Rule 80B appeal arguing that there is not sufficient evidence in the record for the hearing officer to conclude that the intervening drinking raised his blood-alcohol level less than .08%.

At the hearing, over the objection of petitioner, Officer Fortin offered his opinion, that based on his accident investigation, two things caused the accident. First, he said that the accident was caused because petitioner was traveling the wrong way into oncoming traffic. Specifically, he testified that petitioner's car, traveling westbound, crossed the center line and ran into Joanne Strout's car, traveling eastbound. Second, he testified that petitioner's intoxication contributed to the cause of the accident. The hearing officer found that the accident investigation revealed that petitioner's car crossed the center line, striking another

3

vehicle. In her findings, she concluded that the "circumstances of the accident" combined with the evidence of petitioner's intoxication shortly after the accident supported her conclusion that petitioner's BAC as .08% at the time of the accident.

In his appeal brief, petitioner notes that he was involved in a two-car accident and then asserts that the hearing officer "should not have assessed fault through nonscientific hearsay evidence and used it to determine sobriety." Petitioner's objections at the hearing often relied on the ground of hearsay. Regarding Officer Fortin's testimony on the cause of the accident, petitioner objected citing the officer's lack of qualifications as an accident reconstructionist.

The Rules of Evidence are not applicable to hearings before the Secretary of State. Rather, evidence is admissible if it is "the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs." 5 M.R.S.A. § 9057(2). Officer Fortin's opinion as to the cause of the accident falls into this category of evidence. The testimony reveals that although Officer Fortin is not an accident reconstructionist, he has been a police officer for 13 years and has investigated "hundreds of accidents" during that time. Considering this information, the hearing officer found Officer Fortin qualified to offer his opinion regarding the cause of the accident, and noted the difference between an investigation and a reconstruction. The hearing officer did not err in relying on Officer Fortin's testimony regarding the cause of the accident. *See Ingerson v. State,* 491 A.2d 1176, 1184-85 (Me. 1985) (noting the standard for admitting evidence in

4

administrative proceedings and finding that "[t]he opinion of a police detective falls into that category of evidence.").

There clearly was probable cause to believe that the petitioner was operating a motor vehicle with an excessive blood-alcohol level. However, was the petitioner operating a motor vehicle with an excessive blood-alcohol level as a matter of fact? The hearing officer found that there was uncontroverted evidence of intervening drinking and that this drinking "no doubt elevated petitioner's final blood-alcohol level." She then concludes, however, that this drinking did not elevate his BAC more than .08%. Unfortunately, the court finds no evidence in the record which supports this conclusion. There is nothing in the record regarding the effect approximately four ounces of alcohol will have on a person's blood-alcohol level after a period of three hours. There is no evidence indicating what probable effect four ounces of Jack Daniels whiskey would have on an individual's blood-alcohol level.[1] Without some evidence in this regard, the court cannot determine how the hearing officer concluded that the petitioner's intervening drinking did not raise his BAC more than .08%.[2] The Law Court has recognized that "the effects of alcohol

---

[1] Petitioner attempted to introduce additional evidence of the effect of various levels of alcohol at the 80C hearing, but the court refuses to consider such evidence since it was not before the hearing officer.

[2] It is possible the hearing examiner relied upon personal experience from evidence presented in other matters. Indeed, the court could conclude from its experience from evidence in other matters that a normal drink contains one and one-half ounces of whiskey and that four ounces of whiskey would represent two and two-thirds normal drinks. The court could also conclude from other matters that a rule of thumb is that a drink affects a blood-alcohol level approximately in the amount of .018%. However, the hearing examiner must rely upon evidence presented to her and part of the record in this case. Further, if she is going to rely upon evidence submitted in other matters or standards readily acceptable within this field, she must articulate that in her decision in order for the reviewing court to

5

absorption, dilution, and elimination on blood-alcohol concentrations over a period of time is beyond the common knowledge of a layperson." *See State v. Tibbetts*, 604 A.2d 20 (Me. 1992) (finding no error in admission of expert testimony on these issues in a case where there was an allegation of intervening drinking and a two-hour delay in administering the breath test).[3]

While it is clear that the petitioner was under the influence of alcohol while he was driving, as evidenced by Officer Fortin's observations of petitioner shortly after the accident, there is no evidence in the record to support the hearing officer's conclusion that despite intervening drinking, petitioner's BAC was at least .08% at the time of the accident.

The entry will be:

> Petitioner's M.R. Civ. P. 80C appeal is GRANTED ; the decision of the Secretary of State is REVERSED as unsupported by substantial evidence on the whole record and in violation of the statutory provision of 29-A M.R.S.A. § 2453.

Dated: August ‾‾ , 2000

Donald H. Marden
Justice, Superior Court

---

understand the factual basis for her conclusion.

[3] This court is not suggesting that a hearing examiner in the Department of Motor Vehicles on behalf of the Secretary of State must have expert testimony. Certainly, there is standardized documentation upon which an examiner could rely. Indeed, the documentation presented to the court by the petitioner does not necessarily bode well for his factual assertions.

Date Filed __12/22/99__ _____Kennebec_____ Docket No. __AP99-90__

County

Action __Petition for Review__

80C

# J. MARDEN

Patrick C. Cole                                    vs.   Dan A. Gwadosky, Sec. of State

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Ronald W. Bourget, Esq.<br>64 State Street<br>Augusta, Maine 04330-5194 | Joseph Wannemacher, AAG<br>State House Sta 6<br>Augusta Maine  04333 |

DONALD L. GARBRECHT
LAW LIBRARY

SEP 11 2000

| Date of Entry | |
|---|---|
| 12/22/99 | Petition for Review 5 M.R.S.A.11001 et.seq. M.R.Civ.P. Rule 80C, filed. s/Bourget, Esq.    (attached exhibit A)<br>Proposed Order, filed.<br>Motion for Immediate Stay of Suspension 5 M.R.S.A. 11004, filed. s/Bourget, Esq.  (attached exhibit A,B,)<br>Proposed Order for Stay of Suspension, filed.<br>Certificate of Service, filed.  s/Bourget, Esq. |
| 12/29/99 | Return Receipts on Andrew Ketterer, AAG., Susan Cookson, AAG. and Dan Gwadosky, filed. |
| 1/3/00 | State's Response Opposing The Requested Stay of License Suspension, filed. s/Wannemacher, AAG. |
| 1/28/00 | Certified copy of the complete record filed.  s/Wannemacher AAG |
| 1/31/00 | Notice of briefing schedule mailed to attys of record. |
| 2/3/00 | Addendum to affidavit filed.  s/Cole |
| 2/22/00 | States motion to continue filed.  s/Wannemacher AAG<br>Certificate of service filed.  s/Wannemacher AAG |
| 2/25/00 | Objection to Motion to Continue, filed. s/Bourget, Esq.<br>Request for Hearing, filed. s/Bourget, Esq. |
| 3/7/00 | STATE'S MOTION TO CONTINUE, Marden, J.<br>Continued to next available date.  Set for 3/28/00 at 8:30 a.m.<br>Copies mailed to attys of record. |
| ------ | Petitioner's Brief, filed. s/Bourget, Esq. |
| 3/28/00 | Hearing on Petitiner's Motion for Stay with Hon. Justice Donald Marden, presiding. Jannette Cook, Court Reporter.<br>Ronald W. Bourget, Esq. for the Petitioner and Joseph Wannemacher, AAG for the State. Atty. General not present.<br>Oral arguments made to the court. |